REDACTED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **TERESA KUENNEN, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:13CV00039 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **STRYKER CORPORATION, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Marc P. Weingarten and Ryan W. Anderson, Locks Law Firm, Philadelphia, Pennsylvania, and Paul Thompson, Thompson Law Firm, Roanoke, Virginia, for Plaintiffs; Douglas H. Hallward-Driemeier and Stacy A. Tromble, Ropes & Gray LLP, Washington, D.C., and Mario Horwitz, Sedgwick, LLP, Los Angeles, California, for Defendants.*

The issue in this case is whether the plaintiffs' action is barred by the Virginia statute of limitations. The answer to that question depends upon whether the corporate defendants were subject to personal jurisdiction in the District of Columbia, where this suit was first filed before venue was transferred to this court for convenience. The more restrictive Virginia statute of limitations applies over the applicable District of Columbia statute if the defendants were not subject to personal jurisdiction there.

Because the defendants did not have continuous and systematic contacts with the District of Columbia such that they should reasonably anticipate being

haled into court for events occurring outside that jurisdiction, I find that this action is barred by the Virginia statute of limitations.

I

This action, arising under diversity subject-matter jurisdiction, 28 U.S.C.A. § 1332(a) (West 2006 & Supp. 2013), seeks personal injury damages as the result of a medical device manufactured and sold by the related corporate defendants, Stryker Corporation and Stryker Sales Corporation ("Stryker Sales").[1]  Suit was originally filed in the United States District Court for the District of Columbia on December 20, 2012.  The defendants responded by moving to dismiss the Complaint or, in the alternative, to transfer it to this court, pursuant to 28 U.S.C.A. § 1404(a) (West 2006).[2]  The district court granted the Motion to Transfer, but made no decision on the Motion to Dismiss.  *Kuennen v. Stryker Corp.*, No. 12-2051 (ESH), 2013 WL 1701775 (D.D.C. Apr. 19, 2013).  Following transfer, the defendants filed a Motion for Summary Judgment in this court on the ground that

---

[1] Stryker Sales is one of Stryker Corporation's many subsidiaries. Stryker Corp., Annual Report (Form 10-K) 85 (Feb. 27, 2013), *available at* http://stryker.com (Follow "For Investors" hyperlink, then "SEC Filings & Ownership Reports" hyperlink, then "Annual Filings" hyperlink, and select the 10-K filed February 27, 2013).

[2] Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

the action is barred by the applicable Virginia statute of limitations. The motion has been fully briefed and argued and is ripe for decision.

The facts are undisputed. The plaintiff, Teresa Kuennen, a resident of Virginia, underwent arthroscopic shoulder surgery in Abingdon, Virginia, on February 16, 2006.[3] Following surgery, her surgeon inserted a "pain pump" made and sold by the defendants, in order to continuously infuse local anesthetic into the shoulder joint space. It is alleged that as a result of the pain pump Mrs. Kuennen suffered a complete loss of cartilage in her right shoulder joint, a condition called chondrolysis. She asserts that she did not learn of this condition or its probable cause until 2012. In her Complaint, she contends that the defendants are liable for her injury because of the alleged defective design of the product.[4]

In their Motion for Summary Judgment, the defendants contend that the plaintiffs' claims are barred by the Virginia two-year statute of limitations, Va. Code Ann. § 8.01-243(A) (Supp. 2013). In opposition, the plaintiffs assert that the applicable statute of limitations of the District of Columbia, D.C. Code § 12-301(8)

---

[3] Mrs. Kuennen's husband, Alfred Kuennen, is also a plaintiff in this case based upon his alleged loss of consortium. It is conceded that such a claim is not available under Virginia substantive law, *see Bolen v. Bolen*, 409 F. Supp. 1374, 1375-76 (W.D. Va. 1976), and accordingly Mr. Kuennen's claim would be dismissed in any event.

[4] Many similar lawsuits have been filed in various courts against the defendants, including this court. *See, e.g.*, *Rodriguez v. Stryker Corp.*, 680 F.3d 568 (6th Cir. 2012); *Phillippi v. Stryker Corp.*, 471 F. App'x 663 (9th Cir. 2012) (unpublished); *Rash v. Stryker Corp.*, 589 F. Supp. 2d 733 (W.D. Va. 2008).

(2001), should apply, with its favorable discovery rule as to the accrual of the cause of action, *see Brin v. S.E.W. Investors*, 902 A.2d 784, 792 (D.C. 2006), a rule not available under Virginia law, *see Smith v. Danek Med., Inc.*, 47 F. Supp. 2d 698, 701 (W.D. Va. 1998).

The parties agree that if the Virginia statute applies, the Motion for Summary Judgment must be sustained and if the District of Columbia statute applies, it must not be, at least at this point in the case. They also agree as to the legal framework surrounding the application of the correct statute of limitations.

In a diversity case such as this, when the action is transferred under § 1404(a) from one district court to a district court in another state, the transferee court must generally apply the same law as the transferor court would have applied. *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) ("A change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms."). An exception to this rule is where the transferor court did not have personal jurisdiction over the defendant at the time of transfer. In such a case, the transferee court must apply the law of the state in which it is held, rather than that of the transferor state. *Gimer v. Jervey*, 751 F. Supp. 570, 572 (W.D. Va. 1990), *aff'd*, No. 90-2515, 1991 WL 237931 (4th Cir. Nov. 18, 1991) (unpublished).

The disputed issue is thus is whether there was personal jurisdiction over the defendants in the District of Columbia. There is no claim that personal jurisdiction

here was specific, that is, related to the cause of action. The pain pump was not designed, manufactured, or sold in the District of Columbia and the alleged injury occurred in Virginia. The question is rather whether general jurisdiction over the defendants was satisfied.

General jurisdiction depends on the extent of the defendants' contacts with the forum. The parties agree as to the following facts concerning each defendant's contacts with the District of Columbia.

Stryker Sales has some affiliations with the District of Columbia. It is registered to conduct business in all fifty states, and has a business certificate and an appointed agent in the District of Columbia. It has employees who solicit sales in the District of Columbia, although none of them work there exclusively. The defendants' corporate deposition designee estimated that a Stryker Sales employee makes a sales call on a hospital in the District of Columbia at least once per day. Stryker Sales has national marketing communications and marketing communications that reach the District of Columbia, including literature and trade show presentations. There is no evidence that these communications are tailored to the District of Columbia. In 2012, Stryker Sales participated in a trade show in the District of Columbia, the American Society of Anesthesiologists 2012 Annual Meeting.

Stryker Sales has a small government affairs office in the District of Columbia that houses one employee. It does not have a business office or manufacturing facilities in the District of Columbia. In 2012, Stryker Sales collected and remitted sales taxes in the amount of $[redacted] to the District of Columbia, and had net sales in the District of Columbia of $[redacted].[5] This is less than one-half of one percent of the corporation's overall sales.

Stryker Corporation has fewer contacts with the District of Columbia. It is not registered to conduct business there, and it has no office or manufacturing facilities there. In 2012, Stryker Corporation made no sales and incurred no tax liability in the District of Columbia. In 2012, Stryker Corporation had 4,999 employees in the United States, and only one of those employees worked in the District of Columbia.

II

The United States District Court for the District of Columbia did not rule on personal jurisdiction when it granted the Motion to Transfer. This court must decide whether the corporate defendants were subject to personal jurisdiction in the District of Columbia. *See Gerena v. Korb*, 617 F.3d 197, 205, 207 (2d Cir. 2010)

---

[5] The precise amounts have been redacted at the request of the defendants to protect confidential business information. An unredacted version has been provided to the parties and filed under seal. The sales tax figure is less than $100,000 and the net sales figure is less than $10,000,000.

(remanding case to transferee court for a determination of whether personal jurisdiction over defendants existed in transferor forum, where transferor court did not make a finding regarding personal jurisdiction); *Hickey v. St. Martin's Press, Inc.*, 978 F. Supp. 230, 240 (D. Md. 1997) ("When a transferor court has not ruled on the propriety of venue or jurisdiction, the transferee court must determine whether venue and jurisdiction would have been proper in the transferor court.").

The standard for general personal jurisdiction is set forth in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011): "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* at 2851. The defendants' affiliations with the forum should be sufficient such that personal jurisdiction is appropriate even though the cause of action arose in another state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). "[T]he threshold level of minimum contacts to confer general jurisdiction is significantly higher than for specific jurisdiction." *ESAB Grp., Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997).

Because personal jurisdiction is a territorial limitation on a state's power, the defendants' contacts must meet due process requirements. *Goodyear*, 131 S. Ct. at 2853 ("The Due Process Clause of the Fourteenth Amendment sets the outer

boundaries of a state tribunal's authority to proceed against a defendant."). "Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Helicopteros*, 466 U.S. at 414 (alterations, citations, and internal quotation marks omitted). The District of Columbia's test for general jurisdiction mirrors the constitutional test.[6] Personal jurisdiction is ultimately fact-dependent and requires case-by-case analysis. *Kulko v. Superior Court*, 436 U.S. 84, 92 (1978) ("[T]he facts of each case must be weighed to determine whether the requisite affiliating circumstances are present." (internal quotation marks and citation omitted)).

### III

Stryker Sales did not have such contacts with the District of Columbia that established general jurisdiction there. The plaintiffs point to Stryker Sales' business certificate and appointed agent, but these facts are not independent support for general jurisdiction — "the principles of due process require a firmer

---

[6] To establish general jurisdiction in the District of Columbia, a court must find that the defendant meets the D.C. Code requirements for "Personal jurisdiction based upon enduring relationship," D.C. Code § 13-422, and "general jurisdiction must also comport with constitutional guarantees of due process." *Bond v. ATSI/Jacksonville Job Corps Ctr.*, 811 F. Supp. 2d 417, 422 (D.D.C. 2011).

foundation than mere compliance with state domestication statutes." *Ratliff*, 444 F.2d at 748 (internal citations omitted). The significance of Stryker Sales' license depends on its business activity in the forum. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952) ("The corporate activities of a foreign corporation which, under state statute, make it necessary for it to secure a license and designate a statutory agent upon whom process may be served provide a helpful but not conclusive test."); *Ratliff,* 444 F.2d at 748 ("Applying for the privilege of doing business is one thing, but the actual exercise of that privilege is quite another."). Even inactive corporations may still hold valid business licenses.

The presence of Stryker Sales employees in the District of Columbia does not establish general jurisdiction. Stryker Sales has employees who solicit sales in the District of Columbia and nearby states, and work independently rather than out of an office. Personal jurisdiction may exist over a corporation with a decentralized business model. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (finding specific personal jurisdiction existed where a corporate defendant had no office or stock in the forum state, but employed eleven salesmen who resided in the forum state). But when the cause of action arises outside the forum, the existence of sales representatives in the forum is not usually enough to establish general personal jurisdiction. *Ratliff*, 444 F.2d at 748 ("When, however,

defendant's only activities consist of advertising and employing salesmen to solicit orders, we think that fairness will not permit a state to assume jurisdiction.").

Likewise, Stryker Sales' sales do not establish general jurisdiction. When analyzing personal jurisdiction, courts have looked to a defendant's proportionate sales in the forum. *See, e.g., Hughes*, 490 A.2d at 1149 (noting that $3 million in sales, although substantial in the "economic sense," was not substantial for purposes of general personal jurisdiction when "the cause of action is unrelated to any corporate activity in the forum"); *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1198, 1200 (4th Cir. 1993) (upholding finding that general jurisdiction did not exist over defendant who had seventeen to twenty-one employees in the state, and sold between $9 million and $13 million worth of products in the state over four years, representing two percent of total sales); *ESAB Grp.*, 126 F.3d at 624 (upholding finding that general jurisdiction did not exist over defendant whose business attributable to the forum state constituted less than one-tenth of one percent of its national sales). In *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984), the Supreme Court noted that sales of large monetary value that are only a small portion of a defendant company's overall business "may not be so substantial as to support jurisdiction over a cause of action unrelated to those activities." *Id.* at 779. Here, Stryker Sales' net sales in the District of Columbia were less than one-

half of one percent of its overall sales. Such a small percentage does not indicate general jurisdiction in this case.

Stryker Sales' marketing efforts do not constitute significant ties to the District of Columbia. Stryker Sales has advertised in the District of Columbia and has attended at least one trade show there. However, no evidence shows that Stryker Sales' marketing communications were tailored to the District of Columbia. "As a contact advertising is significant only when it is pervasive or when the cause of action arises in the forum." *Hughes*, 490 A.2d at 1151. Likewise, no evidence shows that Stryker Sales' trade show presentation was particularly significant within the District of Columbia. *See Universal Furniture Int'l, Inc. v. Frankel*, No. 1:08CV395, 2009 WL 2853695, at *5 (M.D.N.C. Aug. 27, 2009) (noting that North Carolina had a substantial interest in a controversy that took place at a large furniture trade show that had a significant impact on the North Carolina economy). Advertising that is not tailored to the District of Columbia and not unique to the District of Columbia has only marginal impact on this analysis.

Finally, the District of Columbia does not appear to have a special interest in this dispute. There is no "'rational nexus' between the forum state and the relevant facts surrounding the claims presented." *Ratliff*, 444 F.2d at 748. Even apart from the fact that the events of the case did not occur in the District of Columbia, there

is no indication that the District of Columbia has a special and substantial interest in the case against Stryker Sales.  There is no evidence that Stryker Sales' name is frequently associated with the District of Columbia, and the facts do not support the contention that Stryker Sales has a strong presence in the District of Columbia. Considering the cumulative impact of all relevant jurisdictional facts, Stryker Sales does not have continuous and systematic contacts with the District of Columbia such that general jurisdiction exists.  While Stryker Sales has some contacts, these contacts are insubstantial to Stryker Sales as a corporation and the District of Columbia as a forum, and do not meet due process requirements.

IV

Stryker Corporation does not have continuous and systematic contacts with the District of Columbia.  Stryker Corporation is incorporated and headquartered in Michigan.  It is not registered to conduct business in the District of Columbia, and has no business office or manufacturing facilities there.  It has no sales or tax liability there.  Stryker Corporation's only connection to the District of Columbia is one employee out of 4,999 employees nationwide.  Based on these undisputed facts, Stryker Corporation has insufficient contacts for general personal jurisdiction.  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place,

one in which the corporation is fairly regarded at home." *Goodyear*, 131 S. Ct. at 2853-2854. To assert general jurisdiction over a billion-dollar company with global holdings based solely on the existence of one employee would not comport with the Court's guidance that a corporation should be "at home" in the forum. Stryker Corporation does not have continuous and systematic contacts with the District of Columbia such that general jurisdiction is fair play.

The plaintiffs argue that the contacts of Stryker Sales should be imputed to Stryker Corporation because the two companies are alter egos of each other. *See Blount v. U.S. Sec. Assocs.*, Civil Action No. 12-809 (JDB), 2013 WL 1097807, at *5 (D.D.C. Mar. 18, 2013) ("Although ordinarily a defendant corporation's contacts with a forum may not be attributed to other parties, an exception exists where the other party is an alter ego or agent of the defendant." (internal citation omitted)). The plaintiffs also argue that summary judgment is inappropriate because there has not been discovery "concerning the corporate structure of Stryker Corporation and its relationship with its wholly owned subsidiary." (Pls.' Mem. Supp. in Opp. to Defs.' Mot. Summ. J. 15.) "[J]urisdictional discovery is not warranted when the discovery will not change the jurisdictional analysis." *Baker v. Patterson Med. Supply*, No. 4:11cv37, 2011 WL 7153948, at *8 (E.D. Va.

Nov. 17, 2011).  The relationship between the corporate defendants is irrelevant since general jurisdiction does not exist over either defendant.[7]

V

Stryker Sales and Stryker Corporation did not have continuous and systematic contacts with the District of Columbia such that general personal jurisdiction existed when this suit was filed there.  Accordingly, the Virginia statute of limitations applies in this case and the plaintiffs' claims are time barred.

For the reasons stated, it is **ORDERED** that the defendants' Motion for Summary Judgment (ECF No. 43) is GRANTED.  A separate judgment will be entered forthwith.

ENTER:  October 30, 2013

/s/  James P. Jones
United States District Judge

---

[7] The defendants also have pending a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Because of my determination that the action is barred by the statute of limitations, it is not necessary for me to resolve the Motion to Dismiss.